*E-FILED: August 16, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AERIELLE, LLC,<br><br>    Plaintiff,<br>  v.<br><br>MAXIMO PRODUCTS, LLC,<br><br>    Defendant. | No. C10-03420 HRL<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL OR TO ALTER OR AMEND THE JUDGMENT**<br><br>[Re: Docket No. 49] |

Following a bench trial in this breach of contract action, the court entered judgment for plaintiff Aerielle LLC (Aerielle) in the amount $163,871.07. Pursuant to Fed. R. Civ. P. 59, defendant Maximo Product, LLC (Maximo) now moves for a new trial, or for an order altering or amending that judgment. Plaintiff opposes the motion. The matter is deemed suitable for determination without oral argument, and the August 21, 2012 hearing is vacated. CIV. L.R. 7-1(b). Upon consideration of the moving and responding papers, the court denies the motion.

After a non-jury trial, the court may grant a motion for a new trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." FED. R. CIV. P. 59(a)(1)(B). A new trial may be granted to correct manifest errors of law or fact or to address newly discovered evidence. Brown v. Wright, 588 F.2d 708, 710 (9th Cir. 1978); Wade v. United States, No. C09-01976JCS, 2012 WL 2990700 at *2 (N.D. Cal., July 20, 2012).

A motion to alter or amend a judgment "under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)). Rule 59(e) "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.30[4] (3d ed. 2000)). "A district court does not commit clear error warranting reconsideration when the question before it is a debatable one." Morales v. Tingy, No. C05-03498PJH, 2010 WL 459046 at *1 (N.D. Cal., Feb. 3, 2010) (citing McDowell, 197 F.3d at 1256). And, the court "should not reverse itself if its initial decision was merely wrong. Rather, it should do so only if the prior decision was 'clearly' wrong." Bull v. City & County of San Francisco, 758 F. Supp.2d 925, 928 (N.D. Cal. 2010).

Maximo does not present this court with newly discovered evidence. Nor does it identify any intervening change in controlling law. Maximo argues only that the court erred in entering judgment for plaintiff. Maximo's argument is three-fold. First, defendant contends that plaintiff's sole witness, Donald Yu, was not competent to testify about any of the business dealings between plaintiff and defendant. Second, Maximo argues that the agreements at issue were made with Aerielle, Inc. and that plaintiff failed to present competent evidence that Aerielle, LLC is entitled to judgment against Maximo. Third, defendant repeats arguments asserted at trial that plaintiff reportedly agreed that Maximo would not be obliged to make payments on certain invoices.

Taking defendant's second argument first—Yu, who was the Chief Executive Officer of Aerielle, Inc. and Aerielle, LLC, testified that Aerielle, LLC acquired all the assets of Aerielle, Inc. (Dkt No. 48, Trial Transcript (Tr.) at 7:22-8:7, 4:22-42:14, 44:21-22). There was no evidence to the contrary. This testimony is sufficient to establish plaintiff's entitlement to judgment against Maximo.

1    As for defendant's first and third points—the court noted in its Findings of Fact and
2 Conclusions of Law that Yu did not join Aerielle until March 2009 and had no first-hand
3 knowledge about any of the transactions in dispute.  Even so, the judgment is adequately
4 supported by the testimony of Maximo's own Director (and sole witness) Jimmy Yau.  Yau
5 acknowledged that defendant had not lived up to the terms of the Promissory Agreement.  (See,
6 e.g., Tr. at  95:21-96:12; 113:4-8).  With respect to Invoice Nos. 341, 342, and 343, defendant
7 reiterates that Aerielle agreed that Maximo would not need to make those payments and that
8 Aerielle would sell the product covered by those invoices to someone else.  As noted in the
9 court's Findings of Fact and Conclusions of Law, defendant offered no documentation at trial to
10 support that story, and the court found it highly unlikely that plaintiff would have waived its
11 remedies so casually.  The court considered the testimony and evidence offered by Maximo, but
12 concluded that it did not establish that plaintiff relinquished those payments.  Defendant has not
13 offered any new evidence here, and the court finds no basis to grant a new trial or to alter or
14 amend the judgment.

15    Defendant's motion is denied.

16    SO ORDERED.

17 Dated: August 16, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

5:10-cv-03420-HRL Notice has been electronically mailed to:

Margaret Anne Crawford    mcrawford@mcrawfordlaw.com, sandra.sowell@dlapiper.com

Paul Gerard Minoletti    pgmlaw@gmail.com, valerie.pgmlaw@gmail.com

William J. Frimel    bill@hsfllp.com, billfrimel@gmail.com