**United States District Court**
For the Northern District of California

1

2                                                              *E-FILED:  August 17, 2012*

3

4

5

6

7                                        NOT FOR CITATION

8                        IN THE UNITED STATES DISTRICT COURT

9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                        SAN JOSE DIVISION

11    AERIELLE, LLC,                                 No. C10-03420 HRL

12              Plaintiff,                           **ORDER GRANTING IN PART AND
                                                     DENYING IN PART PLAINTIFF'S**
13    v.                                             **MOTION FOR ATTORNEY'S FEES AND
                                                     COSTS**
14    MAXIMO PRODUCTS, LLC,
                                                     **[Re:  Docket No. 45]**
15              Defendant.
      _____/
16

17          Following a bench trial in this breach of contract action, the court entered judgment for

18   plaintiff Aerielle LLC (Aerielle).  The agreements at issue provide that in the event of litigation,

19   the prevailing party would recover costs and reasonable attorney's fees.  Now before the court

20   is Aerielle's motion for $46,301.10 in attorney's fees and $926.51 in costs.  Defendant Maximo

21   Products, LLC (Maximo) has not filed an opposition specifically addressing Aerielle's motion.[1]

22   The matter is deemed suitable for determination without oral argument, and the August 21,

23   2012 hearing is vacated.  CIV. L.R. 7-1(b).  Upon consideration of the papers, the court grants

24   Aerielle's motion in part and denies it in part.

25          "The most useful starting point for determining the amount of a reasonable fee is the

26   number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."

27   Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983), abrogated on

28

_____

[1]        Instead, defendant filed a separate motion for a new trial or for an order
amending or altering the judgment.  The court has entered a separate order denying that
motion.

United States District Court

For the Northern District of California

1  other grounds by <u>Tex. State Teachers Ass'n. v. Garland Indep. Sch. Dist.</u>, 489 U.S. 782, 109

2  S.Ct. 1486, 103 L.Ed.2d 866 (1989).  The party seeking an award of fees should submit

3  evidence supporting the hours worked and rates claimed.  <u>Id.</u>  In determining a reasonable

4  number of hours, the court must review detailed time records to determine whether the hours

5  claimed by the applicant are adequately documented and whether any of the hours were

6  unnecessary, duplicative or excessive.  <u>Chalmers v. City of Los Angeles</u>, 796 F.2d 1205, 1210

7  (9th Cir. 1986), reh'g denied, amended on other grounds, 808 F.2d 1373 (9th Cir. 1987).

8  "Where the documentation of hours is inadequate, the district court may reduce the award

9  accordingly."  <u>Hensley</u>, 461 U.S. at 433.  "There is no precise rule or formula for making these

10  determinations."  <u>Id.</u>  "The court necessarily has discretion in making this equitable judgment."

11  <u>Id.</u> at 437.

12      "In determining a reasonable hourly rate, the district court should be guided by the rate

13  prevailing in the community for similar work performed by attorneys of comparable skill,

14  experience, and reputation."  <u>Chalmers</u>, 796 F.2d at 1210-11 (citing <u>Blum v. Stenson</u>, 465 U.S.

15  886, 895 n.11, 104 S. Ct. 1541, 79 L.Ed.2d 891 (1984)).  "Generally, the relevant community is

16  the forum in which the district court sits."  <u>Barjon v. Dalton</u>, 132 F.3d 496, 500 (9th Cir. 1997)

17  (citing <u>Davis v. Mason County</u>, 927 F.2d 1473, 1488 (9th Cir. 1991)).  The fee applicant has the

18  burden of producing evidence, other than declarations of interested counsel, that the requested

19  rates are in line with those prevailing in the community for similar services by lawyers of

20  reasonably comparable skill, experience and reputation.  <u>Blum</u>, 465 U.S. at 896 n.11.  "The

21  party opposing the fee application has a burden of rebuttal that requires submission of evidence

22  to the district court challenging the accuracy and reasonableness of the hours charged or the

23  facts asserted by the prevailing party in its submitted affidavits."  <u>Gates v. Deukmejian</u>, 987

24  F.2d 1392, 1397-98 (9th Cir. 1993).  In establishing the reasonable hourly rate, the court may

25  take into account:  (1) the novelty and complexity of the issues; (2) the special skill and

26  experience of counsel; (3) the quality of representation; and (4) the results obtained.  <u>Canal v.</u>

27  <u>Dann</u>, No. C09-03366CW, 2011 WL 3903166 at *3 (N.D. Cal., Sept. 6, 2011) (citing <u>Cabrales</u>

28  <u>v. County of Los Angeles</u>, 864 F.2d 1454, 1464 (9th Cir.1988)).

**United States District Court**
For the Northern District of California

"The product of reasonable hours times a reasonable rate does not end the inquiry." Hensley, 461 U.S. at 434. In cases involving claims based on a common core of facts or related legal theories, "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." Id. at 435. "Such a lawsuit cannot be viewed as a series of discrete claims. Instead, the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. The court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the degree of success obtained. Id. at 436-37. "Although the district court's calculation of an award need not be done with precision, some indication of how it arrived at its figures and the amount of the award is necessary." Chalmers, 796 F.2d at 1211.

Aerielle has provided its attorneys' declarations and copies of billing statements to support its request for $46,301.10 in fees. It seeks to recoup fees for the work of three attorneys: lead counsel and two attorneys who consulted with his firm. The hourly billing rates range from $250 to $395. This was not a complex matter, and plaintiff's counsel's management and presentation of this case left something to be desired.[2] Plaintiff has not provided any evidence other than declarations of the interested attorneys as to the reasonableness of the rates charged. At the same time, defendant has not presented any rebuttal to the rates charged or to the facts asserted in those declarations. Additionally, this court is familiar with the range of rates customarily charged by attorneys practicing before it, and the stated hourly rates appear to be within the middle to lower range for cases of this magnitude and complexity and for similar work performed by attorneys of comparable skill, experience, and reputation.

Having reviewed the submitted billing statements, the court is, on the whole, satisfied as to the reasonableness of the hours expended. Nevertheless, a reduction in the requested fees is

---

[2]   For example, plaintiff's counsel say that they conducted limited discovery, and the court appreciates that counsel were trying to keep fees to a minimum. However, the court was not impressed when—some nine months after discovery closed, with no good cause shown, and at a time when the matter was being set for trial—Aerielle requested that discovery be re-opened so that it could depose defendant and complete its document production.

warranted because plaintiff did not obtain complete recovery on all of its claims.  Aerielle
prevailed on its claim for breach of the Promissory Agreement, as well as on its claim for
defendant's breach of the Distributorship Agreement (Invoice 346).  However, the court denied
plaintiff's requested relief on Invoice No. 425 and concluded that Aerielle was not entitled to
any recovery on its claim that Maximo breached the Payment Guarantee.  Factual matters
presented by plaintiff's claims pertaining to the Promissory Agreement and those pertaining to
the Payment Guarantee were roughly equal in complexity.  For these reasons, the court finds it
appropriate to award Aerielle 60% of its requested fees for a total of $27,780.66.

Aerielle also requests $926.51 in costs incurred.  The Clerk of the Court taxed those
costs and reduced the amount to $718.26.  Plaintiff has not asked the court to review that action,
and the time for requesting any such review has passed.  FED. R. CIV. P. 54(d)(1).  Accordingly,
plaintiff shall be awarded $718.26 in costs.

SO ORDERED.

Dated: August 17, 2012



_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1   5:10-cv-03420-HRL Notice has been electronically mailed to:

2   Margaret Anne Crawford     mcrawford@mcrawfordlaw.com, sandra.sowell@dlapiper.com

3   Paul Gerard Minoletti     pgmlaw@gmail.com, valerie.pgmlaw@gmail.com

4   William J. Frimel     bill@hsfllp.com, billfrimel@gmail.com

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California