*E-FILED: August 17, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AERIELLE, LLC,<br><br>             Plaintiff,<br><br>   v.<br><br>MAXIMO PRODUCTS, LLC,<br><br>             Defendant._____/ | No. C10-03420 HRL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>[Re: Docket No. 45] |

Following a bench trial in this breach of contract action, the court entered judgment for plaintiff Aerielle LLC (Aerielle). The agreements at issue provide that in the event of litigation, the prevailing party would recover costs and reasonable attorney's fees. Now before the court is Aerielle's motion for $46,301.10 in attorney's fees and $926.51 in costs. Defendant Maximo Products, LLC (Maximo) has not filed an opposition specifically addressing Aerielle's motion.[1] The matter is deemed suitable for determination without oral argument, and the August 21, 2012 hearing is vacated. CIV. L.R. 7-1(b). Upon consideration of the papers, the court grants Aerielle's motion in part and denies it in part.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983), abrogated on

---

[1] Instead, defendant filed a separate motion for a new trial or for an order amending or altering the judgment. The court has entered a separate order denying that motion.

other grounds by Tex. State Teachers Ass'n. v. Garland Indep. Sch. Dist., 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Id. In determining a reasonable number of hours, the court must review detailed time records to determine whether the hours claimed by the applicant are adequately documented and whether any of the hours were unnecessary, duplicative or excessive. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986), reh'g denied, amended on other grounds, 808 F.2d 1373 (9th Cir. 1987). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley, 461 U.S. at 433. "There is no precise rule or formula for making these determinations." Id. "The court necessarily has discretion in making this equitable judgment." Id. at 437.

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Chalmers, 796 F.2d at 1210-11 (citing Blum v. Stenson, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L.Ed.2d 891 (1984)). "Generally, the relevant community is the forum in which the district court sits." Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997) (citing Davis v. Mason County, 927 F.2d 1473, 1488 (9th Cir. 1991)). The fee applicant has the burden of producing evidence, other than declarations of interested counsel, that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. Blum, 465 U.S. at 896 n.11. "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1993). In establishing the reasonable hourly rate, the court may take into account: (1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; and (4) the results obtained. Canal v. Dann, No. C09-03366CW, 2011 WL 3903166 at *3 (N.D. Cal., Sept. 6, 2011) (citing Cabrales v. County of Los Angeles, 864 F.2d 1454, 1464 (9th Cir.1988)).

2

"The product of reasonable hours times a reasonable rate does not end the inquiry." Hensley, 461 U.S. at 434. In cases involving claims based on a common core of facts or related legal theories, "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." Id. at 435. "Such a lawsuit cannot be viewed as a series of discrete claims. Instead, the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. The court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the degree of success obtained. Id. at 436-37. "Although the district court's calculation of an award need not be done with precision, some indication of how it arrived at its figures and the amount of the award is necessary." Chalmers, 796 F.2d at 1211.

Aerielle has provided its attorneys' declarations and copies of billing statements to support its request for $46,301.10 in fees. It seeks to recoup fees for the work of three attorneys: lead counsel and two attorneys who consulted with his firm. The hourly billing rates range from $250 to $395. This was not a complex matter, and plaintiff's counsel's management and presentation of this case left something to be desired.[2] Plaintiff has not provided any evidence other than declarations of the interested attorneys as to the reasonableness of the rates charged. At the same time, defendant has not presented any rebuttal to the rates charged or to the facts asserted in those declarations. Additionally, this court is familiar with the range of rates customarily charged by attorneys practicing before it, and the stated hourly rates appear to be within the middle to lower range for cases of this magnitude and complexity and for similar work performed by attorneys of comparable skill, experience, and reputation.

Having reviewed the submitted billing statements, the court is, on the whole, satisfied as to the reasonableness of the hours expended. Nevertheless, a reduction in the requested fees is

---

[2] For example, plaintiff's counsel say that they conducted limited discovery, and the court appreciates that counsel were trying to keep fees to a minimum. However, the court was not impressed when—some nine months after discovery closed, with no good cause shown, and at a time when the matter was being set for trial—Aerielle requested that discovery be re-opened so that it could depose defendant and complete its document production.

3

1  warranted because plaintiff did not obtain complete recovery on all of its claims.  Aerielle
2  prevailed on its claim for breach of the Promissory Agreement, as well as on its claim for
3  defendant's breach of the Distributorship Agreement (Invoice 346).  However, the court denied
4  plaintiff's requested relief on Invoice No. 425 and concluded that Aerielle was not entitled to
5  any recovery on its claim that Maximo breached the Payment Guarantee.  Factual matters
6  presented by plaintiff's claims pertaining to the Promissory Agreement and those pertaining to
7  the Payment Guarantee were roughly equal in complexity.  For these reasons, the court finds it
8  appropriate to award Aerielle 60% of its requested fees for a total of $27,780.66.

9  Aerielle also requests $926.51 in costs incurred.  The Clerk of the Court taxed those
10 costs and reduced the amount to $718.26.  Plaintiff has not asked the court to review that action,
11 and the time for requesting any such review has passed.  FED. R. CIV. P. 54(d)(1).  Accordingly,
12 plaintiff shall be awarded $718.26 in costs.

13 SO ORDERED.
14 Dated: August 17, 2012



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

4

5:10-cv-03420-HRL Notice has been electronically mailed to:

Margaret Anne Crawford     mcrawford@mcrawfordlaw.com, sandra.sowell@dlapiper.com

Paul Gerard Minoletti     pgmlaw@gmail.com, valerie.pgmlaw@gmail.com

William J. Frimel     bill@hsfllp.com, billfrimel@gmail.com