*E-FILED: November 9, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AERIELLE, LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>MAXIMO PRODUCTS, LLC,<br><br>        Defendant.<br>_____/ | No. C10-03420 HRL<br><br>**ORDER DENYING AERIELLE LLC'S MOTION FOR AN ORDER TO SHOW CAUSE RE CONTEMPT AND FOR SANCTIONS**<br><br>[Re: Docket No. 61] |

      Following a bench trial in this breach of contract action, the court entered judgment in the amount of $163,871.07 for plaintiff Aerielle LLC (Aerielle). Additionally, pursuant to the agreements at issue, Aerielle was awarded $27,780.66 in fees and $718.26 in costs incurred in this litigation. The court subsequently granted Aerielle's application for an order directing defendant Maximo Products, LLC (Maximo) to appear for a judgment debtor exam. The examination was set for October 16, 2012. Aerielle appeared on the designated date. Maximo did not.

      During the October 16 appearance, Aerielle's counsel advised the court that defense counsel sent her an email the day before, stating that Maximo would not appear for the examination as ordered because the company will be dissolved. Arguing that this was not sufficient reason to excuse Maximo's appearance, Aerielle requested relief from the court. The court noted that Aerielle had not filed a proof of service of the judgment debtor examination

1  order. And, in response to the court's inquiry, Aerielle's counsel stated that she did not
2  personally serve Maximo with that order. Instead, she allowed service to be made on Maximo's
3  counsel of record, via the court's CM/ECF system, upon filing of the order. The court
4  expressed doubt whether that was sufficient. Nevertheless, the court directed Aerielle to submit
5  a request in writing specifying the relief being sought, along with citations to relevant authority.

6      Aerielle subsequently filed a request for an order (1) directing Maximo to appear and
7  show cause why it should not be held in contempt; (2) awarding Aerielle's reasonable
8  attorney's fees and costs incurred in connection with Maximo's failure to appear (and making
9  such an award part of the judgment against Maximo); and (3) "remind[ing] Maximo that the
10 service of the examination order created a one-year lien on its nonexempt personal property,
11 whether or not such property is in Maximo's possession and control, and that said lien extends
12 to property outside of California." (Dkt. No. 61 at 2). Having reviewed Aerielle's written
13 submission, and for the reasons discussed below, the court denies Aerielle's request.

14     Rule 69 of the Federal Rules of Civil Procedure provides that "the judgment creditor or
15 a successor in interest whose interest appears of record may obtain discovery from any
16 person—including the judgment debtor—as provided in these rules or by the procedure of the
17 state where the court is located." FED. R. CIV. P. 69(a)(2). California has a comprehensive
18 statutory scheme governing the enforcement of judgments, codified as Title 9 of the California
19 Code of Civil Procedure, including specific provisions pertaining to judgment debtor
20 examinations. Aerielle requested a judgment debtor exam pursuant to California Code of Civil
21 Procedure § 708.110. (See Dkt. No. 58). That statute provides that a judgment creditor may
22 apply "for an order requiring the judgment debtor to appear before the court, or before a referee
23 appointed by the court, at a time and place specified in the order, to furnish information to aid in
24 enforcement of the money judgment." CAL. CODE CIV. PROC. § 708.110(a).

25     Under California law, a judgment debtor may be held in contempt for failure to appear
26 for a judgment debtor examination. CAL. CODE CIV. PROC. § 708.170(a)(1) (providing for
27 contempt or issuance of an arrest warrant for failure to appear for a debtor's examination).
28 And, if the judgment debtor's "failure to appear is without good cause, the judgment creditor

1  shall be awarded reasonable attorney's fees incurred in the examination proceeding," and such
2  an award "shall be added to and become part of the principal amount of the judgment." Id. §
3  708.170(a)(2).

4  In this case, the court denies the relief Aerielle seeks because Aerielle failed to properly
5  effect service of the judgment debtor order. California Code of Civil Procedure § 708.110
6  provides that "[t]he judgment creditor shall personally serve a copy of the order on the
7  judgment debtor not less than 10 days before the date set for the examination. Service shall be
8  made in the manner specified in Section 415.10." CAL. CODE CIV. PROC. § 708.110(d).
9  California Code of Civil Procedure § 415.10, in turn, directs service to be made by personal
10 delivery to the person to be served. Id., § 415.10. Section 708.110 goes on to state that such
11 "[s]ervice of the order creates a lien on the personal property of the judgment debtor for a
12 period of one year from the date of the order, unless extended or sooner terminated by the
13 court." Id. § 708.110(d). Further, state law requires that "when a writ, notice, order, or other
14 paper is required to be served under [Title 9 of the Code of Civil Procedure] on the judgment
15 debtor, it shall be served on the judgment debtor instead of the attorney for the judgment
16 debtor." Id., § 684.020(a). There is an exception in situations where the judgment debtor files
17 and serves a request that service be made on a specified attorney, along with a signed consent
18 by the designated attorney. Id. § 684.020(b). There has been no such filing by Maximo here.

19 As discussed above, Aerielle did not personally serve the order requiring Maximo to
20 appear for a judgment debtor exam. Nor has counsel submitted any papers supporting its
21 request for fees and costs incurred in preparing for the judgment debtor examination.
22 Accordingly, Aerielle's request for an order to show cause re contempt and for monetary
23 sanctions is denied. See Salamon v. Creditors Specialty Service, Inc., No. C11-00172CW, 2012
24 WL 4857810 (N.D. Cal., Oct. 11, 2012) (denying motion re contempt and monetary sanctions
25 where the judgment creditor failed to properly serve orders concerning the judgment debtor

3

1  examination and did not submit documentation supporting its request for fees and costs).
2       SO ORDERED.
3  Dated: November 9, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

5:10-cv-03420-HRL Notice has been electronically mailed to:

Margaret Anne Crawford     mcrawford@mcrawfordlaw.com, sandra.sowell@dlapiper.com

Paul Gerard Minoletti     pgmlaw@gmail.com, valerie.pgmlaw@gmail.com

William J. Frimel     bill@hsfllp.com, billfrimel@gmail.com